IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JULIO A. ATILES-GABRIEL

Plaintiff

vs                                        CIVIL 11-2060CCC

EDGAR PAGAN-MONJE, Warden

Defendant

## OPINION AND ORDER

Before the Court is Petitioner's 28 U.S.C. § 2254 habeas corpus petition (docket entry 4). Respondent filed a Motion to Dismiss the Petition (docket entry 12). Petitioner filed a Response to the Motion to Dismiss (docket entry 23). The same remains unopposed. For the reasons discussed below, the Court finds the Petition shall be DISMISSED FOR LACK OF JURISDICTION.

I.   **BACKGROUND**

Petitioner Julio A. Atiles-Gabriel (herein after "Petitioner" or "Atiles-Gabriel") is a state prisoner presently confined in a penal institution of the Commonwealth of Puerto Rico, has filed a *pro se* application for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Petitioner filed this *habeas corpus* before federal court alleging a series of irregularities in his case. However, a review of the record before this Court indicates that Petitioner has failed to comply with the jurisdictional pre-requisite of exhausting state remedies prior to the filing of a 2254 Petition in Federal Court.

II.   **DISCUSSION**

Pursuant to federal law, a prisoner who claims is being held by the state government in violation of the Constitution, or laws of the United States may file a civil lawsuit in federal court seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. A federal court's review of a 28 U.S.C. § 2254 petition is not a direct review of a state court's decision. The

CIVIL 11-2060CCC                              2

petition is a separate civil suit considered a collateral relief.  The federal *habeas corpus* is not a constitutional, but rather a statutory relief codified in 28 U.S.C. § 2254.

Prisoners in state custody who choose to collaterally challenge in a federal habeas proceeding their confinement are required to comply with the "independent and adequate state ground doctrine".  See Yeboah-Sefah v. Ficco, 556 F.3d 53 (1st Cir. 2009), citing Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).  Petitioner must have met two initial requirements.  He is required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings.  The highest state court must have a fair opportunity to rule on the merits of each claim that petitioner seeks to raise in federal court.  In order to fulfill this exhaustion requirement, the petitioner must have fairly presented the substance of all federal constitutional claims to the highest state court.  Levine v. Commissioner of Correctional Servs., 44 F.3d 121, 124 (2nd Cir. 1995).

The state court must have been appraised of both the factual and legal base of those claims.  Grey v. Hoke, 933 F.2d 117, 119 (2nd Cir. 1991).  The United States Supreme Court has held in order to satisfy the exhaustion requirement, a petitioner requesting federal *habeas corpus* review is required to present claims to the state supreme court even when its review is discretionary.  O'Sullivan v. Boerckel, 526 U.S. 838 (1999).  The burden of proving that the exhaustion requirement has ben met lies with the petitioner.  Atiles-Gabriel, however, has not met this initial burden.

In the Commonwealth of Puerto Rico, there is a two-tier system for post conviction relief.  In order for Petitioner to exhaust his state court remedies, Atiles-Gabriel must either file a Rule 192.1 motion pursuant to the Puerto Rico Rules of Criminal Procedure requesting the trial court to vacate, set aside, or correct the judgment (34 L.P.R.A. App. II, Rule 192.1), or a petition pursuant to section 1741 of the Code of Criminal Procedure requesting a writ of *habeas corpus* (34 L.P.R.A. §§ 1741-1743).  An appeal may be filed from the subsequent

CIVIL 11-2060CCC                    3

denial of a Rule 192.1 motion or of a section 1741 habeas petition.  Once any one of said appeals has been denied by the Puerto Rico Court of Appeals, petitioner must then file a writ of certiorari to the Supreme Court of Puerto Rico, Id.  Thus, pursuant to Puerto Rico law, in order for Atiles-Gabriel to properly file a section 2254 petition for relief before this federal court, he must first exhaust at least one of the two post-conviction remedies provided by the Commonwealth laws by filing either a Rule 192.1 motion or a *habeas corpus* petition pursuant to section 1741 of the Code of Criminal Procedure, reviewed by the Supreme Court of Puerto Rico (P.R.L.A. 34 § 1779).

In the instant case, Petitioner has failed to show that he exhausted either of the local post-conviction remedies.  The record reflects that at some point he filed an appeal of his conviction before the Puerto Rico Court of Appeals San Juan Regional Circuit Panel III, case number KLAN 9800460 (docket entry 15, Exhibit 1).  The Puerto Rico Court of Appeals affirmed his conviction and sentence (see Exhibit 1 of docket entry 15).  Neither petitioner, whom has the burden of showing exhaustion requirements, nor Respondents have submitted any additional information or documents that would establish that Petitioner completed the requirement of filing a petition for certiorari before the Supreme Court of Puerto Rico. Therefore, this Court lacks jurisdiction to entertain his petition and the same shall be DISMISSED.

The Court finds it necessary to address the argument raised by Respondents in their Motion to Dismiss (**docket entry 12**) as to this Court's lack of jurisdiction based on the Rooker-Feldman doctrine.

### **Rooker-Feldman Doctrine**

The Rooker-Feldman doctrine stems from two Supreme Court cases.  In its most basic form what the doctrine states is that it precludes district court from reviewing a final judgment entered in a state court, and from considering claims that are inextricably

CIVIL 11-2060CCC                          4

intertwined with those raised in the state court proceeding.  See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

Rooker-Feldman applies when the losing party in state court files suit in federal court after the state proceedings have ended, Federación de Maestros v. Junta de Relaciones del Trabajo, 410 F.3d 17 (1st Cir. 2005).  A court will find that underlying state court proceedings have ended if the highest state court in which review is available has affirmed the judgment below and nothing is left to be resolved, rendering the judgment susceptible to certiorari review under 28 U.S.C. § 1257, Federación de Maestros, at pp. 24-25.  However, it is well-settled that the Rooker-Feldman doctrine does not touch the writ of habeas corpus.  Indeed, federal habeas-corpus law turns Rooker-Feldman on its head.  Rather than leaving state court judgments undisturbed, it provides expressly for federal collateral review of final state court judgments, and requires exhaustion of state remedies as a precondition for federal relief, United States v. Gruntz, 202 F.3d 1074, 179 (9th Cir. 2000); see also Plyler v. Moore, 129 F.3d 728 (4th Cir. 1997); Ritter v. Ross, 992 F.2d 750 (7th Cir. 1993); Blake v. Papadakos, 953 F.2d 68 (3rd Cir. 1992); Jordahl v. Democratic Party, 122 F.3d at 198 (4th Cir. 1997); Nollet v. Justices of Trial Court of The Commonwealth of Massachusetts, 83 F.Supp. 2d 204 at FN2 (D. Mass. 2000).

In order to leave no doubt that Rooker-Feldman does not apply to habeas corpus proceeding pursuant to section 2254, the United States Supreme Court in Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005), stated in footnote eight (8), "Congress, if so minded, may explicitly empower district courts to oversee certain state-court judgments and has done so, most notably, in authorizing federal habeas review of state prisoners' petitions.  28 U.S.C. § 2254(a)."

CIVIL 11-2060CCC                        5

## III.    CONCLUSION

For the reasons stated, the Court concludes that Petitioner Julio A. Atiles-Gabriel's Petition for Habeas Corpus Relief Pursuant to 28 U.S.C. § 2254 (**docket entry 4**) is DISMISSED.

SO ORDERED.

At San Juan, Puerto Rico, on September 20, 2013.


S/CARMEN CONSUELO CEREZO
United States District Judge